1  LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
   JEFFREY LEWIS - 066587
2  jlewis@lewisfeinberg.com
   BILL LANN LEE - 108452
3  blee@lewisfeinberg.com
   ANDREW LAH - 234580
4  alah@lewisfeinberg.com
   SACHA CRITTENDEN STEINBERGER - 253823
5  ssteinberger@lewisfeinberg.com
   1330 Broadway, Suite 1800
6  Oakland, CA  94612
   Telephone:     (510) 839-6824
7  Facsimile:     (510) 839-7839

8  Attorneys for Plaintiff
   SONOMA COUNTY ASSOCIATION OF RETIRED
9  EMPLOYEES

10 HANSON BRIDGETT LLP
   RAYMOND F. LYNCH - 119065
11 rlynch@hansonbridgett.com
   SARAH D. MOTT - 148597
12 smott@hansonbridgett.com
   CAROLINE BURNETT - 259389
13 cburnett@hansonbridgett.com
   425 Market Street, 26th Floor
14 San Francisco, CA  94105
   Telephone:     (415) 777-3200
15 Facsimile:     (415) 541-9366

16 Attorneys for Defendant
   THE COUNTY OF SONOMA
17
                     UNITED STATES DISTRICT COURT
18
            FOR THE NORTHERN DISTRICT OF CALIFORNIA
19
                           OAKLAND DIVISION
20

21 SONOMA COUNTY ASSOCIATION OF         No. CV 09-4432 CW
   RETIRED EMPLOYEES,
22                                       STIPULATION REGARDING ORDERLY
                                         REVIEW OF DOCUMENTS AND
23             Plaintiff,                INADVERTENT DISCLOSURE OF
                                         PRIVILEGED MATERIAL AND
24        v.                             PROTECTIVE ORDER

25 SONOMA COUNTY,                        Action Filed:     September 22, 2009

26             Defendant.

27

28

1   WHEREAS on April 6, 2010, Judge Claudia Wilken authorized limited discovery for

2   Plaintiff Sonoma County Association of Retired Employees ("Plaintiff" or "SCARE") to review

3   public records ("Limited Discovery") prior to filing an amended complaint;

4   WHEREAS Plaintiff's First Amended Complaint is to be filed on July 6, 2010;

5   WHEREAS Defendant Sonoma County (the "County" or "Defendant") represents that it

6   has made a diligent search for and has undertaken a substantial and labor-intensive series of index

7   searches and undertaken a manual search for and recovery of all resolutions and ordinances from

8   1945 to the present that reference retiree or employee health benefits, as well as any extant

9   agenda items, reports, memoranda or other accompanying documentation presented to the County

10  Board of Supervisors related to those resolutions and ordinances and produced those as

11  referenced below.

12  WHEREAS Defendant produced more than 11,000 pages of digitalized documents in

13  connection with its Initial Disclosures in February and March 2010, including all resolutions and

14  ordinances concerning employee and retiree health benefits going back to 1945, and produced

15  another 4,000 pages of e-documents responsive to Plaintiff's First Set of Document Requests

16  ("Document Requests") on April 5 and April 16, 2010;

17  WHEREAS Plaintiff has requested, *inter alia*, an opportunity to review all Board of

18  Supervisor meeting minutes ("Minutes") from 1945 to the present before filing its amended

19  complaint;

20  WHEREAS Defendant has agreed to make available for inspection these Minutes, which

21  are potentially responsive to the Court's order for Limited Discovery; and

22  WHEREAS, the Defendant represents that the production of the quantity of Minutes

23  requested by Plaintiff during the Limited Discovery necessitates that the County amend for these

24  purposes its usual and customary practice and procedures for granting public access to official

25  County records and has the potential to disrupt and interfere with the County's transaction of

26  business and its ability to respond to requests from other constituents.

27  WHEREAS, prior to Defendant's April 5, 2010, response and production to the Document

28  Requests and the Court authorizing the Limited Discovery on April 6, 2010, Plaintiff and

- 2 -

1    Defendant had agreed to meet and confer further with the goal of entering into a Stipulated

2    Protective Order to safeguard the protection of any inadvertently disclosed privileged materials,

3    and that would include a rolling document production schedule in connection with Defendant's

4    response to the Document Requests, and now contemplate they will meet and confer further on

5    any future production schedule and other discovery issues as appropriate in the event additional

6    discovery proceeds and will undertake to supplement this Order pursuant to such agreement.

7            THEREFORE, Plaintiff Sonoma County Association of Retired Employees and

8    Defendant Sonoma County (individually a "Party" or collectively "Parties") hereby stipulate to

9    the following:

10           1.      The Parties agree to cooperate in creating a procedure and schedule for the

11   production of Minutes and any other public documents during the Limited Discovery.

12           2.      The Parties recognize that production of documents does not result in the express

13   or implied waiver of any privilege or protection for the materials produced in the course of this

14   litigation in the above-entitled action, including without limitation information protected from

15   disclosure by the attorney-client privilege, deliberative process/official privileges, the attorney

16   work product doctrine or the constitutional right to privacy.

17           3.      To safeguard the protection of any inadvertently disclosed materials subject to the

18   attorney-client privilege, work product doctrine, deliberative process/official privilege or privacy

19   privilege in the production of documents in this litigation, the Parties agree that the production

20   shall be governed by the procedures and terms set forth in this Stipulation Regarding Orderly

21   Review of Documents and Inadvertent Disclosure of Privileged Material ("Stipulation").  Further,

22   the Parties agree that nothing in this Stipulation shall be deemed to constitute a waiver of any of

23   the objections raised in Defendant's Responses to Plaintiff's Document Requests.  This

24   Stipulation shall also govern resolution of any disputes that arise between or among the Parties

25   over the designation of any documents or other materials as privileged.

26           4.      <u>DEFINITIONS</u>.

27               4.1      <u>Party</u>:  Any party to this action, including all of its officers, directors,

28   employees and Counsel (as defined below).

- 3 -

4.2     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

4.3     <u>Receiving Party</u>: a Party or non-party, including but not limited to Professional Vendors, that receives Disclosure or Discovery Material from a Producing Party.

4.4     <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

4.5     <u>Protected Material</u>: any Disclosure or Discovery Material that is privileged under the attorney-client privilege, the work product doctrine, the deliberative process/official privilege or a privacy privilege.

4.6     <u>Outside Counsel</u>: attorneys, as well as their support staff, who are not employees of a Party but who are retained to represent or advise a Party in this action.

4.7     <u>County Counsel</u>: attorneys, as well as their support staff, who are employees of a Party.

4.8     <u>Counsel</u> : Outside Counsel and County Counsel.

4.9     <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors retained in this action.

5.      <u>SCOPE</u>.  This Stipulation and Order shall govern all Disclosure or Discovery Material, and the Parties to this action and their counsel of record shall be bound by the provisions hereof.  Additionally, this Stipulation and Order may be made applicable to production by a non-party, if designated by the non-party and agreed to by the Parties signatory hereto.  The protections conferred by this Stipulation and Order cover not only Protected Material, but also any information copied or extracted therefrom (such as copies, excerpts, summaries, or compilations thereof) by a Receiving Party.  This Stipulation and Order prohibits the Receiving Party from revealing any information set forth in the preceding sentence in any way, except as

- 4 -

1    provided for in Paragraphs 9 and 11.

2        6.    <u>DURATION</u>. Even after the termination of this litigation, the obligations imposed

3    by this Stipulation and Order shall remain in effect until the Parties agree otherwise in writing or

4    a Court order otherwise directs.

5        7.    <u>LIMITED DISCOVERY - PRODUCTION SCHEDULE</u>.

6            7.1    After the signing of this Stipulation, upon reasonable notice to the County

7    by Plaintiff, the County shall make available for inspection to Plaintiff the microfilm and

8    microfiche records of Minutes, which are kept in the ordinary course of business in the office of

9    the Clerk of the County's Board of Supervisors.

10            7.2    Plaintiff shall provide to the County a schedule of the hours and days on

11    which an agent or representative will be reviewing the Minutes and, to the extent possible in

12    advance, who will be reviewing them ("Schedule").

13            7.3    The Parties agree that the Schedule will be provided to the County at least

14    three (3) business days in advance of the days on which Plaintiff wishes to review the Minutes.

15            7.4    Plaintiff agrees to be diligent and sustained in its review of documents and

16    to be cooperative with the County during the production.  The County agrees to be cooperative

17    with Plaintiff during the production.

18        8.    <u>LIMITED DISCOVERY - PRODUCTION</u>.

19            8.1.    The Parties agree that the Minutes will be made available for inspection by

20    the Plaintiff between 8 a.m. and 5 p.m., Monday through Friday.  During those hours, Plaintiff

21    may check out selected microfilm and microfiche from the Board of Supervisor's Clerk's office

22    and transport them to be viewed on the available machines in the County Recorder's offices.  The

23    Parties further agree that:

24            8.2    During the inspection, Plaintiff may select from those documents the

25    documents it wishes to have produced and will print one copy of each of those documents on the

26    viewing machines.

27            8.3    Before the end of the day on which the selected Minutes are checked out,

28    each microfilm and microfiche will be checked back in at the Board of Supervisor's Clerk's

- 5 -

STIP RE ORDERLY REVIEW OF DOCUMENTS AND INADVERTENT DISCLOSURE OF
PRIVILEGED MATERIAL AND [PROPOSED] PROTECTIVE ORDER (CASE NO. CV 09-4432 CW)          2341585.1

1  office.

2          8.4     When the microfiche or microfilm is returned for the day, Plaintiff also will

3  provide any paper copies made that day to the Board of Supervisor's Clerk's office.  Plaintiff

4  promises and agrees that it will not make any additional copies of the Minutes or retain any

5  copies of the Minutes other than as set forth in this Stipulation.

6          8.5     For each copy, the County will assign a production number to the

7  document and produce it to Plaintiff within five (5) business days of selection.  Plaintiff will be

8  charged a per page amount of $0.10 for each page in accordance with the Board of Supervisors'

9  policy.  If Plaintiff wishes to receive a digital production, however, the Parties will meet and

10  confer to determine reasonable intervals for the production of such digital copies and the cost of

11  which will be paid by Plaintiff.

12          9.     <u>INADVERTENT DISCLOSURE OF DISCOVERY MATERIAL</u>.  The

13  inadvertent disclosure of Protected Material which a Party or non-party later claims should not

14  have been produced or made available for inspection because of a privilege belonging to that

15  entity, including without limitation the attorney-client privilege, the work product doctrine, the

16  deliberative process/official privilege or the privacy privilege, will not be deemed to waive any

17  privileges.  A Party or non-party may request the return of any Protected Material.  A request for

18  the return of any Protected Material shall identify the Protected Material from production.  If a

19  Party or other entity producing documents in this litigation requests the return, pursuant to this

20  Paragraph of any Protected Material, the Receiving Party must immediately return the material in

21  question to the Producing Party, destroy all information copied or extracted therefrom by the

22  Receiving Party and refrain from revealing any such information.  The Party or parties returning

23  such Protected Material shall not assert as a ground for entering an order compelling production

24  of the Protected Material the fact or circumstances of the inadvertent production.

25       If a Receiving Party identifies information during its inspection, which it believes may be

26  Protected Material inadvertently disclosed, it must immediately notify and/or return the material,

27  along with any information covered by this Order to the Producing Party.  Should the Producing

28  Party assert a claim of privilege of any kind over the identified material, it may request the return

- 6 -

1   of the Protected Material and any information copied or extracted therefrom by the Receiving

2   Party and that the Receiving Party refrain from revealing any information it obtained from the

3   Protected Material.

4           10.    CHALLENGING PRIVILEGE CLAIMS

5           10.1    Claim of Privilege.  If Protected Material is produced in discovery that is

6   subject to a claim of attorney-client privilege, the work product doctrine, the deliberative process/

7   official privilege or the privacy privilege, the Producing Party making the claim may notify any

8   Party that received the Protected Material of its claim and the basis for return, sequester, or

9   destruction of the specified information until the claim is resolved.  If the Receiving Party

10  disclosed the Protected Material before being notified, it must take reasonable steps to retrieve it

11  as specified in Paragraph 11.  Once returned, the Producing Party must preserve the Protected

12  Material until the claim is resolved.

13          10.2    Meet and Confer. A Party that elects to initiate a challenge to a Producing

14  Party's privilege claim must do so in good faith and must begin the process by conferring directly

15  (in voice to voice dialogue; other forms of communication are not sufficient unless either Party

16  fails to respond to a voice communication in a reasonable manner) with counsel for the Producing

17  Party.  In conferring, the challenging Party must explain the basis for its belief that the privileged

18  claim was not proper and must give the Producing Party an opportunity to review the designated

19  material, to reconsider the circumstances, and, if no change in designation is offered, to explain

20  the basis for the chosen designation.  A challenging Party may proceed to the next stage of the

21  challenge process only if it made reasonable efforts to engage in this meet and confer process

22  first.

23          10.3    Judicial Intervention. A Party that elects to press a challenge to a privilege

24  claim after considering the justification offered by the Producing Party may promptly file and

25  serve a motion under Civil Local Rule 7 that identifies the challenged material and sets forth in

26  detail the basis for the challenge for the Court to undertake an *in camera* review.  Each such

27  motion must be accompanied by a competent declaration affirming that the movant has complied

28  with the meet and confer requirements imposed in the preceding paragraph and that sets forth

- 7 -

1   with specificity the justification for the privilege claim that was given by the Producing Party in

2   the meet and confer dialogue.

3        The burden of persuasion in any such challenge proceeding shall be on the Producing

4   Party.  Until the Court rules on the challenge, the Producing Party must preserve the information.

5        11.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>.  If a

6   Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to

7   any person or in any circumstance not authorized under this Order, the Receiving Party must

8   immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) inform

9   the person or persons to whom unauthorized disclosures were made of all the terms of this Order,

10  (c) request that the persons or persons immediately return, sequester or destroy the Protected

11  Materials, including all copies, abstracts, compilations, summaries or any other form of

12  reproducing or capturing any of the Protected Material to the Producing Party and use its best

13  efforts to ensure that the person or persons comply with this request; and (d) whether the

14  Protected Material is returned or destroyed, the person or persons must submit a written

15  certification to the Producing Party within five (5) days that identifies (by category, where

16  appropriate) all the Protected Material that was returned or destroyed and that affirms that the

17  Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of

18  reproducing or capturing any of the Protected Material.

19       12.   <u>MISCELLANEOUS</u>

20       9.1   <u>Right to Further Relief</u>.  Nothing in this Stipulation abridges the right of

21  any person to seek its modification by the Court in the future.

22       9.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order,

23  no Party waives any objections made in discovery responses or defenses stated in its pleadings,

24  nor does any Party waive any right it otherwise would have to object to disclosing or producing

25  any information or item on any ground not addressed in this Stipulation. Similarly, no Party

26  waives any right to object on any ground to use in evidence of any of the material covered by this

27  Stipulation and Order.

28  / / / /

1          IT IS SO STIPULATED.

2

3     DATED:  May  5,  2010                     LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.

4

5                                     By:/s/BILL LANN LEE

6                                       BILL LANN LEE
                                         Attorneys for Plaintiff

7                                       SONOMA COUNTY ASSOCIATION OF RETIRED EMPLOYEES

8     DATED:  May  5,  2010                     HANSON BRIDGETT LLP

9

10                                   By:/s/RAYMOND F. LYNCH
                                         RAYMOND F. LYNCH

11                                     SARAH D. MOTT
                                       Attorneys for Defendant

12                                     SONOMA COUNTY

13          IT IS SO ORDERED.

14

15     Dated:  May  10, 2010

16                                 HON. CLAUDIA WILKEN
                                   United States Judge

17

18

19

20

21

22

23

24

25

26

27

28

STIP RE ORDERLY REVIEW OF DOCUMENTS AND INADVERTENT DISCLOSURE OF
PRIVILEGED MATERIAL AND [PROPOSED] PROTECTIVE ORDER (CASE NO. CV 09-4432 CW)    2341585.1

1

<u>SIGNATURES UNDER GENERAL ORDER NO. 45</u>

2

Pursuant to General Order No. 45 of the United States District Court, Northern District of

3

California, I, Raymond F. Lynch—the ECF User whose User ID and Password are used in the

4

filing of this document—hereby attest that the concurrence to the filing of this document has been

5

obtained from each of the other signatories to this document.

6

7

/s/ _____
Raymond F. Lynch

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIP RE ORDERLY REVIEW OF DOCUMENTS AND INADVERTENT DISCLOSURE OF
PRIVILEGED MATERIAL AND [PROPOSED] PROTECTIVE ORDER (CASE NO. CV 09-4432 CW)

2341585.1