IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONOMA COUNTY ASSOCIATION OF RETIRED EMPLOYEES,<br><br>       Plaintiff,<br><br>  v.<br><br>SONOMA COUNTY,<br><br>       Defendant. | No. 09-04432 CW<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR WAIVER OF COSTS |

On December 29, 2010, the Clerk taxed costs in the amount of $5,392.20 against Plaintiff Sonoma County Association of Retired Employees (SCARE). Plaintiff moves for waiver of costs against it. Defendant Sonoma County (Sonoma), the prevailing party in this action, opposes Plaintiff's motion. The motion was taken under submission on the papers. Having considered the papers submitted by the parties, the Court grants Plaintiff's motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) authorizes the Court to grant the prevailing party its costs and creates a presumption in favor of awarding all costs to a prevailing party. Despite this presumption, a district court has discretion to refuse to award costs. Ass'n of Mexican-Am. Educators v. California (AMAE), 231 F.3d 572, 591 (9th Cir. 2000). To justify a departure from the general rule, a losing party must demonstrate that a case is not "'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs." Id. at 593. Costs may be refused for various reasons, including the losing party's

limited financial resources, the public importance and complexity of the issues, the merit of the plaintiff's case, even if the plaintiff lost, and the chilling effect on future litigants of imposing high costs.  Id.; Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003).

## DISCUSSION

Citing AMAE, Plaintiff argues that costs should be waived for the following reasons: (1) Plaintiff is a nonprofit corporation whose membership consists of retirees, many of whom are elderly and live on fixed incomes and, in contrast, Defendant is a large governmental municipality with access to greater resources than Plaintiff; (2) the case presents issues of public importance; and (3) the issues in the case are close and difficult and the claims have merit.

I. Economic Disparity

Plaintiff relies on Darensburg v. Metropolitan Transp. Comm'n, 2009 WL 2392094, at *4 (N.D. Cal.) for the proposition that there is a large economic disparity between a municipality and a non-profit group.  Although Defendant provides several reasons why Plaintiff's claim of severe economic disparity does not apply under the circumstances of this case, it does not dispute that its financial position is better than Plaintiff's.

II. Public Importance

Plaintiff argues that this case presents an issue of public importance because it involves the preservation of retirement benefits and it impacts a large number of retired public employees. Plaintiff argues this case is similar to AMAE, which impacted the

2

rights of a large number of individuals vis-a-vis a governmental agency.

In AMAE, a class composed of Mexican-American, Asian-American, and African-American educators and would-be educators in California challenged California's Basic Education Skills Test (CBEST), a prerequisite to employment in a variety of positions in the California public schools, on the ground that it violated Title VI and VII of the Civil Rights Act of 1964. 231 F.3d at 577. Defendants State of California and California Commission on Teacher Credentialing, as the prevailing parties, presented a cost bill totaling $216,443, which the district court denied. Id. at 579. One of the grounds on which the Ninth Circuit affirmed was that the case presented issues of the gravest public importance because it affected "tens of thousands of Californians and the state's public school system as a whole." Id. at 593.

This case presents an issue of public importance, as previously recognized by this Court. See May 13, 2010 Order Granting Defendant's Motion to Dismiss at 9 ("SCARE correctly asserts that an important policy at issue is the preservation of retirement benefits promised to public employees."). Although the Court ultimately dismissed on the ground that Plaintiff failed to allege a contract that made such promises, the issue itself is important. The impact of the litigation on the lives of many individuals and a large government agency was noted in AMAE as a reason to waive costs. See AMAE, 231 F.3d at 593. Defendant's effort to diminish the importance of Plaintiff's case by pointing out that the issue was retirement health benefits, not retirement

3

pension benefits, is unpersuasive. Both types of benefits are important to retirees. Similarly unpersuasive are Defendant's arguments that the issue is not of public importance because it continues to make retiree health care contributions and that the Court found that Defendant never agreed to the health care contributions claimed by Plaintiff. As mentioned above, whether the plaintiff prevails on its claims is not determinative of this analysis. See id. Therefore, the Court finds that Plaintiff's claims were of great public importance.

III. Issues are Close, Difficult and Meritorious

Plaintiff argues that costs should be waived because the issues are close, difficult and have merit. It points out that the California Supreme Court has accepted for determination the certified question from the Ninth Circuit of whether, under California law, a county and its employees can form an implied contract that confers vested rights to health benefits on retired county employees. See Retired Employees Ass'n of Orange County v. County of Orange (REAOC), 610 F.3d 1099 (9th Cir. 2010) ("in light of the great practical importance of the question [formation of implied contract regarding public employee retirement benefits], we do not think that it is appropriate to substitute our judgment on this issue of state law for the judgment of the California Supreme Court"). Defendant argues that Plaintiff did not allege the existence of an implied contract in its complaint and, thus, the REAOC case is not on point. Defendant argues that the issues are not close or difficult and Plaintiff's position was without merit.

Contrary to Defendant's argument, Plaintiff alleged claims

4

under an implied contract theory in its complaint and the Court dismissed them. <u>See</u> May 13, 2010 Order at 6 ("SCARE has not cited any cases that establish that oral and other extrinsic evidence can, by itself, contractually bind Sonoma to provide retirees medical benefits."). Because the Court dismissed the implied contract claim, Plaintiff, in its opposition to Defendant's motion to dismiss the First Amended Complaint (1AC), indicated that it was not re-asserting such a claim in its 1AC. However, this does not diminish the fact that Plaintiff did assert such a claim, that it involves the same issue that the Ninth Circuit certified to the California Supreme Court in <u>REAOC</u>, and that, if either court holds that an implied promise can create vested public retiree health benefits, Plaintiff may prevail on its appeal.

Therefore, the Court finds that Plaintiff's claims raise close and difficult issues of public interest, which weigh in favor of waiving costs. Therefore, the Court grants Plaintiff's motion to waive costs.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion to waive costs. Each party shall bear its own costs.

IT IS SO ORDERED.

Dated: **9/7/2011**

CLAUDIA WILKEN
United States District Judge

5