1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17

| SONOMA COUNTY ASSOCIATION OF RETIRED EMPLOYEES, | Case No. 09-cv-04432 CW (NC) |
|---|---|
| Plaintiff, | **DISCOVERY ORDER DENYING COUNTY'S MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORY NOS. 1, 2** |
| v. | |
| SONOMA COUNTY, | Dkt. No. 135 |
| Defendant. | |

18      This Court previously ordered plaintiff SCARE to amend its "squishy" responses to

19  contention interrogatories numbers 1 and 2.  Dkt. No. 109 (order); Dkt. No. 115 (hearing

20  transcript).  Those interrogatories ask SCARE to state the "exact words" of promises that

21  SCARE contends Sonoma County made for medical benefits to employees and retirees

22  represented by unions, in the Memoranda of Understanding and Resolutions identified in

23  paragraph 19 of the complaint.  Dkt. No. 135.  Unsatisfied with SCARE's amended

24  responses, the County now returns to request that SCARE be compelled to provide

25  responses in conformity with the Court's prior order.  Dkt. No. 135.  Because the Court

26  finds that SCARE's amended responses fully answer the questions asked, the County's

27  motion to compel is denied.

28

1

**PROCEDURAL HISTORY**

2

**A.     The Second Amended Complaint**

3      The facts alleged in this case are contained in the Second Amended Complaint, filed

4 by SCARE in May 2013.  Dkt. No. 75.  A complete procedural history is set forth in Chief

5 Judge Claudia Wilken's order granting in part the County's motion to dismiss the Second

6 Amended Complaint.  Dkt. No. 96.

7      SCARE is a nonprofit mutual benefit corporation that "promotes and protects the

8 welfare and interests of the retired employees of Sonoma County."  2AC ¶ 11.  SCARE

9 alleges that Sonoma County has subsidized its retirees' healthcare benefits since at least

10 1964.  In August 2008, the County's Board of Supervisors enacted a resolution capping its

11 healthcare benefit contributions at the flat amount of $500 per month.

12     SCARE asserts that the County's new cap on healthcare benefit contributions would

13 harm many retirees by causing them to pay significantly higher healthcare premiums while

14 living on a fixed income.  In the Second Amended Complaint, SCARE asserts that the new

15 cap constituted a breach of the County's longstanding agreement to pay for its retirees'

16 healthcare benefits in perpetuity.  The County, on the other hand, denies that it has made a

17 binding promise to provide post-retirement healthcare benefits in perpetuity.

18     In the Second Amended Complaint, SCARE attaches twenty-six resolutions and

19 asserts that these resolutions, along with the sixty-eight resolutions, ordinances, and MOUs

20 attached to its previous complaints, establish the "County's clear intent to bind itself to

21 contracts with the Retirees to provide post-retirement healthcare benefits."  2AC ¶ 19.

22     In granting in part and denying in part the County's motion to dismiss the Second

23 Amended Complaint, Chief Judge Wilken clarified the actionable claims.  Dkt. No. 96.

24 SCARE "may proceed on all of its claims based on promises that are allegedly implied in

25 the MOUs that the Board of Supervisors ratified in the resolutions attached as Exhibits 69

26 through 94 of the 2AC."  *Id.* at 15.  SCARE "may not, however, proceed on any claims

27 based on promises that were allegedly implied in the other resolutions and ordinances

28 attached to its 2AC."  *Id.*

**B.      Interrogatories in Dispute**

In interrogatory requests numbers 1 and 2, the County asks SCARE to state the "exact words" of promises that SCARE contends the County made for "medical benefits to employees and retirees represented by unions" in the Memoranda of Understanding and Resolutions identified in paragraph 19 of the complaint.  Dkt. No. 135 (attaching requests and responses).

In its revised amended responses to numbers 1 and 2, SCARE provides this substantive response:

"The County promised that it would:

• Pay for County retirees' and their eligible dependents' medical premiums in the same amounts, if the County pays a fixed amount of the premium, or at the same rates, if the County pays a percentage of the premium, as the County pays for active, unrepresented, management employees. In no event would the County pay less than 85% of the premium for the lowest cost plan available to a retiree. County retirees and their eligible dependents would be entitled to participate in the same plans available to active, unrepresented, management employees on the same terms as active, unrepresented, management employees;

• Pool the active employees and retirees, plus the dependents of both, for medical benefit cost purposes; and

• Pay these medical benefits for the lifetimes of each retiree and his or her eligible dependent(s)."

The County asserts that SCARE's amended response is insufficient because it does not "define and state directly and exactly the definite and certain implied contract term or terms it seeks to have the Court declare and use as a basis for injunctive relief."  Dkt. No. 135 at 2.  SCARE counters that its amended response has "specifically stated the implied terms it seeks to enforce" in this lawsuit.  *Id.* at 4.

//

Case No. 09-cv-04432 CW (NC)
DISCOVERY ORDER                    3

## DISCUSSION

The simple question presented is whether SCARE's amended responses fully answer the questions asked by the County.

Federal Rule of Civil Procedure Rule 33(b)(3) requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." "Discovery by interrogatory requires candor in responding . . . . The candor required is a candid statement of the information sought or of the fact that objection is made to furnishing the information. A partial answer by a party reserving an undisclosed objection to answering fully is not candid. It is evasive." *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 616-17 (5th Cir. 1977). "The answers to interrogatories must be responsive, full, complete and unevasive." *Rubbermaid Commercial Products, LLC v. Trust Commercial Products*, No. 13-cv-02144, 2014 WL 664665, at *3 (D. Nev. Feb. 19, 2014) (citations omitted). "An answer to an interrogatory is sufficient if the answer as a whole discloses a conscientious endeavor to understand the question and answer it fully." *Id.* (citing *Parrot v. Wilson*, 707 F.2d 1262, 1273 n.26 (11th Cir. 1983)).

In this case, interrogatory requests numbers 1 and 2 call for SCARE's contentions as to promises that are alleged in the complaint. This is a proper purpose under Rule 33. In previously ordering SCARE to amend its responses, the Court was concerned that the responses were evasive and incomplete. As revised, however, the responses fully answer the questions. At summary judgment or trial, SCARE can be held to what it is specifically contending the County promised.

Because the Court finds SCARE's amended responses to be sufficient, the County's motion to compel further responses is denied. Any party may object to this nondispositive order under Federal Rule of Civil Procedure 72.

IT IS SO ORDERED.

Date: December 12, 2014

Nathanael M. Cousins
United States Magistrate Judge