UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONOMA COUNTY ASSOCIATION OF RETIRED EMPLOYEES,<br><br>  Plaintiff,<br><br>  v.<br><br>SONOMA COUNTY,<br><br>  Defendant. | Case No. 09-cv-04432 CW (NC)<br><br>**DISCOVERY ORDER DENYING COUNTY'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO REQUESTS NOS. 32, 34**<br><br>Dkt. No. 137 |

The question presented in this discovery dispute is whether plaintiff SCARE's affiliation with two unions is relevant to this case. In document request number 32, defendant Sonoma County seeks all documents after 1978 that "consist of, discuss, record, or relate to" SCARE's affiliation with SEIU/SCOPE. As defined in the request, "SEIU/SCOPE" means the Service Employees International Union, Local 708 and Local 1021, as successor unions to the Sonoma County Organization of Public Employees. In document request number 34, the County seeks communications after 1978 between SCARE and SEIU/SCOPE. Dkt. No. 137.

Under Federal Rule of Civil Procedure 26(b)(1), parties generally may discover any nonprivileged matter that is relevant to any party's claim or defense. Upon a showing of good cause, the Court may order broader discovery of any matter relevant to the subject

Case No. 09-cv-04432 CW (NC)
DISCOVERY ORDER

matter involved in the action. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

The claims and defenses in this case do not need to be repeated here, as they are known to the parties and were summarized in Chief Judge Claudia Wilken's order granting in part the County's motion to dismiss the Second Amended Complaint. Dkt. No. 96.

Simply put, this is a case about post-retirement medical benefits allegedly promised by the County to retirees through various Memoranda of Understanding (MOUs) and County resolutions. SCARE has agreed to produce its communications with SEIU about medical benefits provided by MOUs. Dkt. No. 137 at 4. The Court agrees those communications are relevant. The County has not explained how the general relationship between SCARE and the SEIU has any probative value to the claims and defenses in this case. The County also has not explained the probative value of all communications after 1978 between SCARE and SEIU.

Because the County has not established the relevance of the documents it seeks in requests number 32 and 34, its request to compel the production of responsive documents is denied. As this is not a close call, the Court does not need to do a balancing inquiry under Rule 26(b)(2)(C) to assess the benefit of the discovery against the burden of producing it.

Any party may object to this nondispositive order under Federal Rule of Civil Procedure 72.

IT IS SO ORDERED.

Date: December 12, 2014

                                  Nathanael M. Cousins
                                  United States Magistrate Judge