Jeffrey Lewis – CA State Bar No. 066587
Darin Ranahan – CA State Bar No. 273532
Linda Lam – CA State Bar No. 301461
LEWIS, FEINBERG,
LEE & JACKSON, P.C.
476 9th Street
Oakland, CA 94607
Telephone: (510) 839-6824
Facsimile:  (510) 839-7839
E-Mail: jlewis@lewisfeinberg.com
E-Mail: dranahan@lewisfeinberg.com
E-Mail: llam@lewisfeinberg.com

*Attorneys for Plaintiff Sonoma County
Association of Retired Employees*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| SONOMA COUNTY ASSOCIATION OF RETIRED EMPLOYEES, <br><br> Plaintiff, <br><br> v. <br><br> SONOMA COUNTY, <br><br> Defendant. | Case No. CV 09-4432 CW <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO EXCLUDE THE OPINIONS OF DEFENDANT'S EXPERT THOMAS CAMPBELL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date:        October 29, 2015 <br> Time:        2 p.m. <br> Courtroom: 2, 4th Floor <br> Judge:       Hon. Claudia Wilken |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

Please take notice that on October 29, 2015 at 2:00 p.m., or as soon thereafter as the matter may be heard before the Honorable Claudia Wilken of the United States District Court for the Northern District of California, Plaintiff Sonoma County Association of Retired Employees ("SCARE") will and hereby does move for an order excluding the opinions of Defendant's expert Thomas Campbell.

This Motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities in support of this Motion; and the declaration of Jeffrey Lewis, including all attached exhibits, filed herewith; on all other pleadings and papers on file in this action; and on such oral argument as may be heard by the Court concerning this Motion.

Dated: September 8, 2015                              Respectfully submitted,

By:  /s/ Darin Ranahan
Jeffrey Lewis
Darin Ranahan
Linda Lam
LEWIS, FEINBERG,
LEE & JACKSON, P.C.
476 9th Street
Oakland, CA 94607-4048

*Attorneys for Plaintiff*

MOTION TO EXCLUDE OPINIONS OF
DEFENDANT'S EXPERT CAMPBELL

1

## I. INTRODUCTION

2      Defendant's expert, Thomas Campbell, has had a long and distinguished career.

3  However, as explained below, he has little or no experience with regard to the issues in this

4  case.  And perhaps more importantly, his opinion in this case is squarely at odds with the

5  governing law: as discussed in more detail below, Mr. Campbell testified that he does not agree

6  that vesting of retiree medical benefits can be an implied term in a memorandum of

7  understanding ("MOU"), whereas in *Retired Employees Association of Orange County v.*

8  *County of Orang*e, 52 Cal. 4th 1171 (2011) ("*REAOC*"), the governing law in this case, the

9  California Supreme Court held directly to the contrary.  Mr. Campbell's testimony should be

10 excluded in its entirety under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579

11 (1993), and Federal Rule of Evidence 702.

12

## II. STATEMENT OF RELEVANT FACTS

13     Mr. Campbell has given a number of opinions in this case with regard to whether and

14 under what circumstances retiree medical benefits may vest for former employees of California

15 governmental entities.  *See* Report of Thomas Campbell ("Campbell Report"), attached as

16 Exhibit 1 to the accompanying Declaration of Jeffrey ("Lewis Decl.")  He concludes that the

17 retiree medical benefits at issue in this case are not vested.  *Id.* at ¶¶ 25-26.  However, that

18 opinion is based on the following statement: "The only circumstances where I would consider a

19 promise to pay an annual medical insurance premium to be vested is where the contract

20 unequivocally included a promise that the government employer would pay an annual premium

21 for a set period of years, or for the rest of the employee's lifetime."  *Id.* at ¶ 24.  Mr. Campbell

22 repeated this opinion during his deposition:

23             Q Do I understand it correctly that your opinion is that retiree medical benefits
               provided by California governmental entities pursuant to memoranda of understanding are
24             not vested unless they say so explicitly?
               . . . .
25             A Almost. If they explicitly say that they are in perpetuity, I would consider them
               vested even if the word "vested" were not used.
26
               Q Or if they say "for lifetime"?
27             A Yes.
               . . . .
28
               Q Absent an explicit use of the word "vested," "lifetime," or "in perpetuity," you

1    would not consider those to be vested?
         A That's correct.[1]

2

3    Deposition of Thomas Campbell ("Depo."), relevant excerpts attached as Exhibit 2 to Lewis
     Decl., 67:10-68:11.

4            Q So you don't agree that you could have a vesting of retiree medical benefits as
     an implied term in a memorandum of understanding?

5            A Correct.

6    *Id.* at 70:22-25.

7            As explained below, this opinion is squarely at odds with the governing law in this case.[2]

8            Mr. Campbell's resume is lengthy and impressive.  *See* Campbell Report at ¶¶ 1-6;

9    Curriculum Vitae attached as Exhibit A thereto.  However, examination of the Campbell Report

10   and his deposition reveal that his opinions with regard to retiree medical benefits are allegedly

11   supported by the following:  (1) his service of less than one year from 2005 to 2006 as

12   California's Director of Finance;[3] (2) his reading, for purposes of his testimony, of a federal

13   Government Accounting Office ("GAO") report on private employer retiree medical benefits;[4]

14   (3) his reading apparently for purposes of his testimony of a single 2015 report of the California

15   State Legislative Analyst;[5] (4) his two years of service on the Budget Committee of the

16   California State Senate;[6] (5) his membership on the Board of the Kaiser Family Foundation;[7]

17   and (6) his interpretation of the 2007 report of California's Public Employee Post-Employment

18   Benefits Commission ("Commission Report"), a commission on which he did not serve and

19   with which he had no connection.[8]

20           Mr. Campbell admitted that he has never taught any course in business school or law

21

22   ───────────────────────────
     [1] Mr. Campbell left open the possibility that other words might be equivalent (Depo. at 68:12-
23   69:15), but this does not change the essence of his disagreement with the California Supreme
     Court.

24   [2] Mr. Campbell admitted that other than one of this Court's opinions on a motion to dismiss, he
     had not read any court decisions on this issue, nor was he aware of any published literature
25   supporting this testimony.  Depo. at 71:14-72:7.

     [3] *See* Depo. at 29:9-30:11 (one year of service minus approximately one month leave of absence).
26   [4] *See* Campbell Report at ¶ 13; Depo. at 53:18-54:7.

     [5] *See* Campbell Report at ¶ 14; Depo. at 57:21-58:11.
27   [6] *See* Depo. at 23:14-24:9.

     [7] *See* Campbell Report at ¶ 5.
28   [8] *See* Campbell Report at ¶¶ 15-22.

school that included the subject of retiree medical benefits,[9] and that with the possible exception of a single newspaper column (which he was unable to name) no publication that he authored ever addressed the issue.[10] Moreover, he testified that although the Kaiser Family Foundation did a substantial amount of work involving retiree medical benefits, he did not recall being part of any specific discussion on that subject while serving on its Board.[11] As to the GAO report on *private employer* retiree medical benefits, his testimony revealed that he had no relevant expertise in ERISA (which, of course, governs those benefits); i.e., he merely picked out a piece of that report that supported his opinion.[12]  He also testified that the State Senate Budget Committee never addressed whether retiree medical benefits were a vested obligation.[13]  Thus, of Mr. Campbell's claimed bases for his opinions, there potentially remain only his less than one year of service as California's Finance Director and his reading of a couple of documents.

With regard to his service as Finance Director, Mr. Campbell stated in his report that he had the responsibility of reviewing contracts that were being negotiated with state employee unions and advising the State's negotiators and the Governor about the "financial consequences of various benefits, including retiree medical insurance payments" (Campbell Report at ¶ 8) and that he "ascertained whether post-employment benefits such as retiree medical insurance contributions were 'contractually required'" (*Id*. at ¶ 9).  Apparently, however, he based any opinions that he gave to the negotiators or the Governor in that regard on one of two premises: (1) the fact that the government did not pre-fund its obligations (*Id*. at ¶ 10); and/or (2) his general opinion, contrary to *REAOC*, that retiree medical benefits do not vest absent specific language to that effect (see above).  The first of these premises is wholly untenable as a matter of law and common sense.  The fact that a party to a contract requiring payment in the future

---

[9] *See* Depo. at 25:12-15.

[10] *Id.* at 25:16-20.

[11] *Id.* at 28:3-7.

[12] *Id.* at 52:5-13 (stating that he never taught any law school course or written any paper that addresses vesting of retiree medical benefits under ERISA); *id*. at 53:18-57:14 (making clear that the GAO report itself indicates that courts have disagreed with that report's description of a Department of Labor position on which Mr. Campbell relied).

[13] *Id*. at 24:19-22.  He also testified that other than his claim of doing so during his service on the Budget Committee, he never addressed the issue of retiree medical benefits as a State Senator.  *Id*. at 25:8-11.

1    does not put aside money to do so in advance of the payment's due date obviously cannot be

2    determinative of whether the party owes the money.[14]  The second of these premises is

3    discussed below.

4                                          **III.  ARGUMENT**

5            As a threshold matter, Federal Rule of Evidence 702 requires that a proffered expert

6    witness be qualified "by knowledge, skill, experience, training, or education."  In addition, the

7    expert may give an opinion if:

8            (a) the expert's scientific, technical, or other specialized knowledge will help the trier of
                 fact to understand the evidence or to determine a fact in issue;

9

10           (b) the testimony is based on sufficient facts or data;

11           (c) the testimony is the product of reliable principles and methods; and

12           (d) the expert has reliably applied the principles and methods to the facts of the case.

     Fed. R. Evid. 702.

13

14           **A.  The Court Should Exclude Mr. Campbell's Opinions Because They Are Based on
                  a Premise Contrary to the Law Governing This Case.**

15           In *REAOC*, the California Supreme Court, on certification of a question from the Ninth

16   Circuit, held that both express and implied contract terms are equally binding, and that a party

17   may use a "clear basis in the contract" *or* "convincing extrinsic evidence" to establish an implied

18   vesting term.  52 Cal. 4th at 1179, 1191.  The Ninth Circuit adopted this approach in this case.

19   *See SCARE v. Sonoma County*, 708 F.3d 1109, 1115 (9th Cir. 2013); *see also Retiree Support*

20   *Group of Contra Costa County v. Contra Costa County*, 944 F. Supp. 2d 799, 803-04 (N.D. Cal.

21   2013); *Requa v. Regents of Univ. of Cal.*, 213 Cal. App. 4th 213, 226 (2012); *Int'l Bhd. v. City of*

22   *Redding*, 210 Cal. App. 4th 1114, 1116 (2012); this Court's January 10, 2014 Order, ECF No. 96,

23   at 4-5.

24           As indicated above, Mr. Campbell premised his conclusions on his belief that there cannot

25   be an implied vesting term in an MOU.  As a result, Mr. Campbell's testimony should be

26

27   ───────────────
     [14] In fact, it was the failure of governmental entities to set aside funds and report liabilities for
28   future benefits of the type at issue here that led to the promulgation of new accounting standards
     requiring reporting of these future obligations.  *See* Government Accounting Standards Board,
     Statement No. 45, excerpts from Exhibit 331, attached to Lewis Decl., at CAMP002776-2777.

1    excluded in its entirety because it is primarily based on application of a principle that directly

2    contradicts the governing law.  Such an opinion cannot be reliable within the meaning of Rule

3    702(c), nor can it help the trier of fact in any regard within the meaning of Rule 702(a).

4        **B. Mr. Campbell Lacks the Requisite Expertise to Qualify As an Expert on the Issues in This Case.**

5        Additionally, despite his impressive credentials, Mr. Campbell is not qualified "by

6    knowledge, skill, experience, training, or education" to testify as an expert *on the issues in this*

7    *case*, as required by Rule 702, nor can his testimony assist this Court.  As explained above, there

8    is no basis for his opinions other than his reading of a few reports and his less than one year of

9    service as California's Finance Director.  Moreover, he has no particular expertise in reading the

10   reports in question, which he read for the first time for this case.  To the extent that those reports

11   have any relevance, the Court can read them itself.[15]  For example, Mr. Campbell goes on at

12   length about and seeks to bolster his opinions by his interpretations of parts of the Commission

13   Report (*see* Campbell Report at ¶¶ 15-23); however, he neither served on nor had any relationship

14   to the Commission, and therefore has no basis for interpreting the report.  As a result, his reading

15   of the Commission Report is of no aid to the Court, nor can it form a valid basis for his opinions

16   in this case.[16]

17       This leaves solely his less than one year of service as California's Finance Director.  In

18   this regard, he testified as follows: (1) he did not recall making in that capacity "any

19   determinations as to whether any of the State's obligations for retiree medical benefits were, in

20   fact, binding for the lifetimes of the retirees" (Depo. at 33:4-9); (2) although he established the

21   process for the state's compliance with GASB 45, which required for the first time that

22   governmental entities show liabilities for future retiree medical benefits, those procedures

23   followed the GASB 45 direction to treat future payments of those benefits as binding

24   commitments (*id.* at 39:1-14; Lewis Decl., Ex. 331 at 2791); (3) although he advised the

25

26   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
     [15] This is in stark contrast to the opinions of Plaintiff's expert, Teresa Ghilarducci, who, before
27   being retained as an expert in this action, had spent a significant amount of time throughout her
     career studying these issues and had read and/or participated in drafting various documents on
28   which she relied in giving her opinions.  *See* Report of Teresa Ghilarducci at 1-2, ECF No. 169-5.
     [16] Again, this is in stark contrast to Prof. Ghilarducci, who served on the Commission.

1    Governor regarding the budget, he did not recall ever advising the Governor that any obligation

2    of the State for retiree medical benefits was not contractually required (Depo. at 62:21-63:22);

3    and (4) that although he discussed with state negotiators cost estimates for retiree medical

4    benefits, he could not recall any specific contract where he discussed the State's obligations to

5    pay such benefits, and in any event, any analysis he might have made of that obligation would

6    have been based on his opinion that there had to be explicit wording that benefits were vested or

7    lifetime benefits (or other explicit words to that effect) in a statute, regulation or MOU (*id.* at

8    63:25-68:11).

9         In short, Mr. Campbell is not qualified to give expert testimony on the issue of retiree

10   medical benefits, and especially not with regard to whether and on what conditions such benefits

11   are vested.

12                                  **IV.  CONCLUSION**

13        For either or both of the reasons set forth above, Mr. Campbell's testimony should be

14   excluded by this Court.

15

16   Dated: September 8, 2015                    Respectfully submitted,

17                                               LEWIS, FEINBERG, LEE
18                                               & JACKSON, P.C.

19                                    By:  /s/ *Darin Ranahan*_   __
                                          Jeffrey Lewis
20                                        Darin Ranahan
                                          Linda Lam
21                                        LEWIS, FEINBERG, LEE
                                          & JACKSON, P.C.
22                                        476 9th Street
                                          Oakland, CA 94607-4048
23
                                          *Attorneys for Plaintiff*
24

25

26

27

28